### ROSS v. CITY OF PORTLAND et al.

(Circuit Court, D. Oregon. January 16, 1901.)

No. 2,650.

**1. RES JUDICATA.**

Judgment against complainant in a suit to enjoin sale of property on an assessment is a bar to a second suit for the same purpose, the validity of the assessment being attacked in both suits, though in the second suit it is attacked on a new ground.

**2. TAXATION—VALIDITY OF ASSESSMENT—LACHES.**

After an assessment has been levied for seven years, it is too late to question its validity by suit to enjoin a threatened sale thereunder, though the sale is under a new process; the process being made necessary by the restraint, at suit of complainant, of the sale attempted more than seven years before, and being but a mere continuation of what was then begun.

E. B. Seabrook, Wm: A. Munly, and John K. Kollock, for plaintiff. J. M. Long, for defendants.

BELLINGER, District Judge. This is a suit to enjoin the city of Portland from selling certain lots upon which the Marquam Theater Building is situated, on an assessment for the improvement of Sixth street, upon the ground that the charter requiring the cost of such improvement to be assessed upon the abutting lots without reference to benefits is oppressive and arbitrary, and therefore in violation of the fourteenth amendment to the constitution of the United States, prohibiting any state from taking property without due process of law. The plaintiff prays for a preliminary order restraining the threatened sale pending a final determination in the cause. The improvement in question was made, and the assessment complained of levied, in 1893. Under this assessment a levy was made at the time, and the property advertised for sale. Thereupon complainant's grantor, with others similarly situated, brought a suit in the state court to restrain the proposed sale, upon various grounds of objection to the validity of the proceedings, but not including the objection now made. Upon the final hearing in the state supreme court, the attorneys for complainant attempted, for the first time, to raise this question; but inasmuch as it was not assigned as error on the appeal, and did not otherwise appear in the record, the court refused to consider it. The supreme court of the United States, in Village of Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, decides, in effect, that a rule of assessment that arbitrarily places the burden of an improvement upon the abutting property by the front foot of such property, without any provision for a proper inquiry as to the special benefits accruing from the improvement, is a taking of property without due process of law, and that in such a case, where it cannot be seen or known (the assessment being arbitrary, and no inquiry having been made to that end) that benefits have resulted to the abutting property, the complainant is not required to tender any amount as a condition to relief. Assuming that this decision applies in a case like this,—a thing that does not admit of question,—nevertheless the application for a preliminary injunction must be denied, because of the former adjudication of the same matter between the city and complainant's grantor, and because of complainant's laches in bringing this suit. Where a party has a valid defense to an action, but fails to make it, he is concluded by the judgment rendered; and this rule applies "not only to points upon which the court was actually required to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of the allegation, and which the parties, exercising reasonable diligence, might have brought forward at the time." 1 Herm. Estop. 548. The point or particular question upon which the decision in the former case was rendered does not affect the conclusiveness of the adjudication, where the claim or demand is the same. In the leading case of Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 195, the action was upon certain county bonds, void as against the county, in the hands of parties who did not acquire them before maturity for value. It was held that the plaintiff was not estopped by a judgment against him in another action upon other bonds of the same issue, where he had not proved that he had given such value. Here the second action was upon a different claim or

demand, and so being, and the point or question actually litigated not being the same, there was no estoppel. It is, of course, not questioned but that, if the second action had been upon the same bonds as those involved in the former action, the plaintiff would have been precluded, notwithstanding the fact that the point or question in litigation—the question of purchase for value before maturity—had not before been litigated. As to the former recovery in that case the court says:

"It is a finality as to the claim or demand in controversy, concluding parties, and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment."

In all cases where the claim or demand is the same the party is estopped, without reference to the identity of the point or question brought forward in the two cases in support of such claim. In this case the former suit was to prevent the identical injury now complained of, and the ultimate question—the validity of the assessment—was then, as now, attacked. The new point in the case does not affect the finality of the former adjudication. It is not open to a party to prosecute as many suits for the same demand as he may have points to urge in its support. The rule of res judicata ought to be applied with strictness, especially in cases like this, where the two suits are brought in different jurisdictions.

I am furthermore of the opinion that, where the alleged illegal assessment has been levied for a period of seven years, it is too late to question its validity in equity. It is said as to this that the threatened sale is a new sale. But the new sale is under a process made necessary by the restraint, at the suit of complainant's grantor, of the sale attempted more than seven years ago, and is a mere continuation of what was then begun. The application for a preliminary restraining order is denied.